IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DR. JEFFREY MORGAN,

        Plaintiff,

v.                                                                                   No. 1:21-cv-01139-JHR-GBW

XAVIER BECERRA, Secretary,
Department of Health and Human
Services, Indian Health Service,

        Defendant.

**<u>MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION AND GRANTING PLAINTIFF LEAVE TO MOVE FOR AMENDMENT</u>**

      Plaintiff Dr. Jeffrey Morgan filed a complaint against Xavier Becerra, as Secretary of the Department of Health and Human Services, which includes the Indian Health Service, claiming that management of the Gallup Indian Medical Center failed to hire Dr. Morgan for a position at the Center due to discrimination against his race and color. [Doc. 1]. Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction. [Doc. 19]. Plaintiff filed a response to the motion, [Doc. 21], and Defendant filed a reply, [Doc. 24], completing the briefing.

      The Court finds that Plaintiff fails to establish the Court's subject matter jurisdiction over his non-Title VII claims; those claims are thus dismissed without prejudice. Further, Plaintiff fails to state a claim under Title VII. Rather than dismiss Plaintiff's Title VII claims, the Court gives Plaintiff leave to file a motion under Federal Rule of Civil Procedure 15 to amend his complaint to comply with this order.

1

I.  **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff Dr. Morgan, an African-American, applied for a job at the Center as Medical Officer (Orthopedic Surgery). [Doc. 1, p. 2]. Among other requirements, the job description required "5 years of residency training in the specialty of the position to be filled or equivalent experience and training." *Id.* (emphasis omitted). Plaintiff lists his experience and training in the complaint. *Id.* at 2–4. Without expressly stating so, Plaintiff implies that he met the required qualifications for the position. *See id.* at 2–4.

Plaintiff applied for the position after communicating with a Health Recruitment Specialist who reported to the Chief Medical Officer, Dr. Loretta Christensen. *Id.* at 4. About nine months after his application, Dr. Morgan learned from the Dr. Christensen that she was no longer Chief Medical Officer and the new Acting Chief Medical Officer was Dr. Kevin Gaines. *Id.* One year after his application, Plaintiff attended an onsite visit, spoke briefly with Dr. Christensen, and met with Dr. Gaines. *Id.* About three months after his visit, Dr. Gaines approved a provisional authorization to hire Plaintiff. *Id.* at 5. Days later, the position was "officially offered and accepted by Dr. Morgan." *Id.* Two days later, however, the offer was "taken away." *Id.*

The precise sequence of events is not clear from the complaint, but it appears that on the day the offer was rescinded Dr. Christensen told Dr. Gaines that "it is mandatory that [Plaintiff] provide a residency certificate from a ACGME certified residency program." *Id.* Subsequently, Dr. Christensen stated, and Dr. Gaines confirmed, "We can ignore the requirements of a position." *See id.* (emphasis omitted) (implying that a "position" means a qualifying residency certificate). Plaintiff does not allege that the lack of a residency certificate was cited as the

---

[1] For purposes of analysis of this motion, the allegations in the complaint are assumed to be true. *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1292-93 (10th Cir. 2017).

2

reason for withdrawing the offer but the structure of his complaint appears intended to imply that it was, and Defendant adopts that implication in his motion: "Based on the missing residency certificate, '[o]n March 15, 2018, the job offer was unceremoniously taken away from [Plaintiff].' [Doc. 1,] ¶24." [Doc. 19, p. 2] (bracketed material in original quotation) (bracketed citation supplied).

Plaintiff recites additional facts to suggest discrimination as a motive. During his onsite visit, he had a "very brief" and "caustic" interaction with Dr. Christensen in a hallway where her handshake was "very quick, almost like don't really touch me kind of deal . . . and then next sort of looked at me a lot but then looked away as though she didn't really want to make eye contact with me . . . She made it really short . . . I am certain I was expected to feel dismissed by that interaction with her." [Doc. 1, p. 4]. Later, "Dr. Gaines acknowledged that '[Plaintiff] was being treated differently than other applicants.'" *Id.* at 5 (bracketed material in original). Plaintiff concludes that failure to meet the position qualifications was a pretext and his race is the real reason the job offer was rescinded. *Id.* at 2.

Plaintiff alleges the decision not to hire him was based on race and color discrimination in violation of multiple federal laws: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; and 29 U.S.C. Chapter 14, E.O. 12106. *Id.* at 1. He demands an award of damages for pecuniary and non-pecuniary losses, punitive damages based on malice and reckless indifference, equitable relief "to return him to the position," and attorney fees and costs. *Id.* at 6–7.

Plaintiff also alleges violation of the Texas Commission on Human Rights Act. *Id.* at 6 (citing Tex. Lab. Code § 21.001, *et seq.*). However, he does not allege that any relevant action took place in the State of Texas and does not explain how venue would be appropriate in the

3

District of New Mexico if it did. Whether such a claim is appropriate in this case is part of the jurisdictional discussion below.

## II. PARTIES' ARGUMENTS

Defendant argues (1) the complaint fails to state a claim of discriminatory failure to hire under Title VII and (2) the Court does not have jurisdiction over other claims because Title VII is the exclusive remedy for discrimination in federal employment. [Doc. 19, p. 1]. Plaintiff concedes that Texas law does not apply here but persists in asserting claims under § 1981 as well as 29 U.S.C. Chapter 14 and E.O. 12106. [Doc. 21, p. 1]. Plaintiff ultimately argues that he has "adequately pled facts, taken as true, that Defendant's failure to hire Plaintiff was based on his race." *Id.* If, in the alternative, Plaintiff has not adequately pled his claim, he asks the Court nonetheless to deny dismissal and grant leave to amend the complaint. *Id.* at 2.

## III. ANALYSIS

### a. Non-Title VII Claims

#### i. *Legal Standard to Dismiss for Lack of Subject Matter Jurisdiction*

"'Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress.' *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) ('[T]he party invoking federal jurisdiction bears the burden of establishing its existence.'). Because 'federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.' *U.S. ex rel. Hafter v.*

4

*Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)." *Hernandez v. Grisham*, 508 F. Supp. 3d 893, 945–46 (D.N.M. 2020) (Browning, J.) (other citations omitted).

Fed. R. Civ. P. 12(b)(1) allows a party to seek dismissal when the court lacks subject matter jurisdiction over the complaint. *Id.* Such a motion can present a "facial attack" on the sufficiency of the jurisdictional allegations or an attack of the veracity of the facts supporting jurisdiction. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A facial attack under Rule 12(b)(1) is analyzed by the same standards as a motion asserting failure to state a claim. *See, e.g., De Baca v. United States*, 403 F. Supp. 3d 1098, 1113 (D.N.M. 2019) (Browning, J.). The court accepts the well-pleaded allegations as true and determines as a matter of law whether they present a plausible claim within the court's subject matter jurisdiction. *See Ruiz*, 299 F.3d at 1180.

A dismissal for lack of jurisdiction is not an adjudication on the merits and is without prejudice to refiling. *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016).

    ii.   *Title VII Exclusivity*

Title VII is the preeminent federal law prohibiting employment discrimination. *See* 42 U.S.C. § 2000e et seq. Title VII was amended in 1972 to apply to federal employees and job applicants. *Id.* at § 2000e-16(a); *see Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 825 (1976). In *Brown*, the Supreme Court analyzed the legislative history, text, and structure of Title VII as amended and concluded that Congress intended the amendments to provide the exclusive means for a federal employee to bring a suit claiming racial discrimination in federal employment. *Brown*, 425 U.S. at 825. Accordingly, Title VII preempts employment discrimination claims brought by federal employees under 42 U.S.C. § 1981 or the U.S. Constitution. *Belhomee v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997). In a footnote to an unpublished decision, the

5

Tenth Circuit considered Title VII also to preempt federal employee claims under state anti-discrimination laws. *See Ford v. Donley*, 485 F. App'x 305, 307 n. 1 (10th Cir. 2012).

        iii.   *Application of the Law*

Plaintiff asserts claims "concerning race/color discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and 29 U.S.C. Chapter 14; E.O. 12106." [Doc. 1, p. 1]. Plaintiff's assertion of authority sweeps too broadly. Title VII preempts a federal job applicant's claim of racial discrimination in employment under 42 U.S.C. § 1981. *Brown*, 425 U.S. at 825; *Belhomee*, 127 F.3d at 1217. 29 U.S.C. Chapter 14 is the federal Age Discrimination in Employment Act. Plaintiff does not allege age discrimination in his complaint and there is no indication that he intended to do so, leaving this Court without jurisdiction to consider the issue. Executive Order 12106 was a 1978 action by President Jimmy Carter to transfer certain equal employment opportunity enforcement authority from the Civil Service Commission to the Equal Employment Opportunity Commission and make other administrative changes within the Executive Branch in support of that transfer. 44 F.R. 1053, 1978 WL 219626 (Pres.). No private right of action in the federal courts was created or indicated by the text of the order.

Plaintiff also asserts authority for remedial relief and damages, including punitive damages, and attorney fees and costs under the Texas Labor Code. [Doc. 1, pp. 6–7]. Plaintiff does not allege that any of the actions which form the basis of his claims took place within the State of Texas, nor any other reason why Texas law would apply to either of the parties here.

Based on the controlling authority of *Brown*, I conclude that Plaintiff does not allege a jurisdictional basis for any cause of action except under Title VII. I proceed next to consider whether Plaintiff states a sufficient Title VII claim of discriminatory failure to hire.

      b. <u>Failure to State a Claim under Title VII</u>

          i. *Legal Standard to Dismissal for Failure to State a Claim*

A civil complaint serves in part to give the court and other parties "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). More particularly, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). A complaint which fails "to state a claim upon which relief can be granted" is subject to dismissal by the court. Fed R. Civ. P. 12(b)(6).

The sufficiency of a complaint is a question of law for the court to resolve; the court does act as a trier of fact nor weigh evidence. *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1199 (D.N.M. 2010) (Browning, J.). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Instead, the court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor, *Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1292–93 (10th Cir. 2017), even if those assertions appear "doubtful in fact." *Twombly*, 550 U.S. at 555 (citation omitted). All reasonable inferences of plausibility of the complaint must be drawn in favor of its sufficiency. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Yet, the court will not construe so generously as to become plaintiff's advocate. *See Bragg v. Chavez*, No. 1:07-cv-00343-JB-WDS, 2007 WL 5232464 at *25 (D.N.M. Aug. 2, 2007) (Browning, J.).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 957 (10th Cir. 2021), *cert. denied*, *Hendrickson v. AFSCME Council 18*, 142 S. Ct. 423 (2021). Plausibility is more than mere possibility but less than probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC*, 493 F.3d at 1177 (emphasis omitted). "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the complaint against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* at 1247 (quoting *Twombly,* 550 U.S. at 570); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The Court applies a two-step analysis to determine sufficiency of a complaint. First, the allegations that "are not entitled to the assumption of truth" are identified and disregarded, including legal conclusions, rote recitations of the elements of claims, and conclusory statements without express factual support. *Iqbal*, 556 U.S. at 678; *see also Hall v. Bellmon*, 935 F.2d 1106,

8

1110 (10th Cir. 1991).  Second, the Court examines the remaining factual allegations to discern any plausible claim for relief.  *Iqbal*, 556 U.S. at 682–83.  "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.  *See Swierkiewicz[ v. Sorema],* 534 U.S. [506], 515[]; *see also Twombly,* 550 U.S. at 570[]." *Khalik*, 671 F.3d at 1192.  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (bracketed material added).

      The court's focus is on the content within the "four corners" of the complaint.  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  If the complaint refers to unattached and unincorporated documents, the court can consider them if they are central to the claim and indisputably authentic.  *See GFF Corp. v. Assoc.'d Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).  The court can also consider matters which are proper for judicial notice, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), such as "its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).  If the court considers matters outside that narrow scope, then the motion to dismiss is treated as one for summary judgment and the court must assure that both parties have all of the procedural advantages of Fed. R. Civ. P. 56.  Fed. R. Civ. P. 12(d); *see Gee v. Pacheco*, 627 F.3d 1178, 1186–87 (10th Cir. 2010).

          ii. *Elements of Discriminatory Failure to Hire under Title VII*

    "Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

9

employment, because of such individual's race, color, religion, sex, or national origin.'" *Khalik*, 671 F.3d at 1192 (quoting 42 U.S.C § 2000e-2(a)(1)).  Where the allegation is specifically failure to hire because of racial discrimination, the plaintiff must show either direct proof of discriminatory intent, *Ortega v. Safeway Stores, Inc.*, 943 F.2d 1230, 1236 (10th Cir. 1991), or satisfy the burden-shifting process created by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

Applying *McDonnell* to discrimination in hiring, the plaintiff must first present, by a preponderance of the evidence, a prima facie case "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp.[]*, 411 U.S. [at] 802." *Schwarman v. Lopez*, 2013 WL 12330117, at *2 (D.N.M. May 22, 2013) (bracketed material supplied); see *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–54; *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).  Requiring plaintiff to present a prima facie case serves to "eliminate[] the most common nondiscriminatory reasons" for an adverse employment action. *Burdine*, 450 U.S. at 253–54.  If successful, plaintiff's prima facie case allows the court to "presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Id.* at 254 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)) (internal quotation marks omitted).  That presumption, once established, is sufficient to find for the plaintiff if the employer remains silent.  *Burdine*, 450 U.S. at 254.

If the plaintiff completes the first step, then the burden shifts to the employer to put forth a legitimate non-discriminatory reason for failure to hire; if provided, then the burden "shifts

back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Khalik*, 671 F.3d at 1192 (citing *Garrett*, 305 F.3d at 1216). Ultimately, it is the plaintiff's burden to persuade the trier of fact that the employer intentionally discriminated. *Burdine*, 450 U.S. at 253 (1981) (*citing Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25 n. 2; *id.* at 29 (Stevens, J., dissenting)).

    iii. *Application of the Law*

Plaintiff's complaint does not rely upon direct evidence of racial discrimination.[2] The Court thus applies the *McDonnell* framework, beginning with whether the complaint plausibly states the elements of a prima facie case of discriminatory failure to hire under Title VII. Two of the required elements are easily recognized in the complaint: that Plaintiff is an African American, a recognized racial minority; and that plaintiff's application for the position was, ultimately, rejected. The remaining elements require deeper analysis.

The second element requires that the complaint contain a plausible statement that Plaintiff applied for a position for which Defendant sought applicants and that he was qualified for that position. The apparent issue is whether Plaintiff met the actual qualifications for the job. Plaintiff alleges that the job description required "5 years of residency training in the specialty of the position to be filled or equivalent experience and training." [Doc. 1, p. 2; *see also* Doc. 21, p. 2]. He admits that he lacked a certificate of completion of a specific residency training program, but alleges he nonetheless had the required specialty training or, in the alternative, equivalent experience and training. [Doc. 1, pp. 2–4]. Additionally, he alleges specific facts that raise a plausible issue whether the certificate was required at all. *Id.* at 5. The Court concludes that the complaint plausibly alleges that Plaintiff was qualified for the position.

---

[2] *See, e.g.*, Plaintiff's Response, [Doc. 21, p. 6] ("Plaintiff will ultimately rely on circumstantial evidence . . .").

A plausible statement of the fourth element, however, is conspicuously absent from the complaint.  Plaintiff gives no information whether, after his rejection, Defendant continued to seek applicants with similar qualifications.  He does not allege that someone else was hired who was similarly situated to him.  He does not allege that Defendant continued to seek or consider applicants at all.  The absence of any allegation addressing the fourth element of discriminatory failure to hire means that Plaintiff's complaint fails to state a claim under Rule 12(b)(6) and should be dismissed.

    c. <u>Leave to Amend Pleadings</u>

        i. *Applicable Law*

In this procedural posture, Plaintiff's ability to amend his complaint is governed by Fed. R. Civ. P. 15(a)(2), directing that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Defendant has indicated its opposition to amendment.  [Doc. 24, pp. 4–5].

Where a complaint fails to state a claim, the court has discretion to allow the plaintiff to amend the complaint to cure its deficiencies.  "In dismissing a complaint for failure to state a claim, the court should grant leave to amend freely 'if it appears at all possible that the plaintiff can correct the defect.'" *Triplett v. LeFlore Cnty, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting 3 Moore's Federal Practice, ¶ 15.10 & n. 2 (1983)).  Leave to amend a defective complaint is not required where the amendment would be futile.  *Hall*, 935 F.2d at 1109–10; *see also Parker v. Dowling*, 625 Fed. App'x 343, 347 (10th Cir. 2015).

        ii. *Application*

As a matter of law, the Court does not anticipate that an amended pleading will resurrect any claims but Title VII failure to hire; the preemptive effect of Title VII will not likely be

overcome by additional facts. On the other hand, it does not appear certain that requiring Plaintiff to provide a factual basis for the fourth element of the Title VII claim would be futile. Therefore, the Court will provide an opportunity to amend prior to dismissal of the complaint.

Plaintiff's burden will be to file a motion showing proper grounds for amendment under Rule 15. Critically, any motion to amend must have attached a copy of the proposed amended complaint. D.N.M.LR-Civ. 15.1.

### IV.   CONCLUSIONS AND ORDER

Plaintiff fails to establish the Court's jurisdiction over any claim other than discriminatory failure to hire under Title VII, and so all other claims arguably asserted in the complaint are **dismissed without prejudice.**

Plaintiff fails to state a claim for discriminatory failure to hire under Title VII, but it has not been shown that an opportunity to amend would be futile. Therefore, the Court will allow Plaintiff to file a motion to amend his complaint, meeting the requirements of Rule 15, **within thirty days of the date of this order,** with a copy of the proposed amended complaint attached as required by D.N.M.LR-Civ. 15.1.

If no conforming motion to amend is filed within thirty days, the Court will dismiss this case.

**IT IS SO ORDERED.**

_____
Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent