IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DR. JEFFREY MORGAN

        Plaintiff,

v.                                                             No. 1:21-cv-01139-JHR-GBW

XAVIER BECERRA, Secretary,
Department of Health and Human
Services, Indian Health Service,

        Defendant.

## ORDER AND MEMORANDUM OPINION GRANTING LEAVE TO AMEND PLAINTIFF'S COMPLAINT

THIS MATTER comes before the Court on Plaintiff Dr. Jeffrey Morgan's Motion to Amend His Original Complaint, [Doc. 28] ("Motion"). Defendant Xavier Becerra, Secretary of the United States Department of Health and Human Services, Indian Health Service, responded without substantive opposition, obviating the need for further briefing.[1] *See* [Doc. 29]. Dr. Morgan's Motion satisfies his burden to show non-futility under Federal Rule of Civil Procedure 15 because his proposed amended complaint would likely satisfy his pleading burden under Rule 8, so the Court will grant his motion.

Dr. Morgan sued Becerra in his official capacity as Secretary in 2021, alleging that a hospital run by the Indian Health Service denied him a job because of his race in violation of Title VII of the Civil Rights Act of 1964. *See generally* [Doc. 1]; *see also* 42 U.S.C. § 2000e *et seq*. Becerra moved to dismiss Dr. Morgan's original complaint for failure to state a claim,

---

[1] In his response, Becerra recited the relevant procedural history, then stated "Plaintiff failed to seek Defendant's concurrence prior to filing the Motion to Amend as required by the local rules" and "[i]f Plaintiff had sought Defendant's concurrence, Defendant would have informed plaintiff he did not oppose the Motion to Amend." [Doc. 29, pp. 1–2]. Becerra did not argue about the substance of Dr. Morgan's Motion or suggest that he currently opposes amendment. *Id.* Becerra is correct that the Court has discretion to deny Dr. Morgan's Motion (*see* D.N.M.LR-Civ. 7.1(a)); the Court will exercise its discretion to permit amendment instead.

1

[Doc. 19], and in March 2023, the Court partially granted and partially denied Becerra's motion. [Doc. 27]. In its order, the Court held that Dr. Morgan did not state a claim for relief under Title VII because he did not plead facts to support the fourth element of a prima facie claim for discriminatory failure to hire. *Id.* at 12. However, because this problem could be fixed by amendment, the Court also ordered that Dr. Morgan seek leave to amend his complaint within thirty days. *Id.* at 12–13. Dr. Morgan now moves to amend his complaint and has submitted to the Court a proposed first amended complaint. [Docs. 28; 28-1].

When pleading amendments are not permitted as a matter of course, parties who wish to amend must either get the opposing party's consent or the Court's leave before doing so. Fed. R. Civ. P. 15(a). Courts should freely give leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is not required when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment in this case would be futile if, even with added allegations, Dr. Morgan's first amended complaint would still not state a claim for relief under Title VII. To state a prima facie claim for racial discrimination in hiring under Title VII, the plaintiff must allege facts which show: (1) plaintiff belongs to a racial minority; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, plaintiff was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued seeking applicants with the same qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Dr. Morgan's proposed amended complaint would state a prima facie Title VII case, so amendment is not futile. In his proposed amended complaint, Dr. Morgan states he is African-American, a racial minority in the United States. [Doc. 28-1, p. 2]. He alleges the requirements of the position he sought with the Indian Health Service; that he possessed education, skills, and

experience which satisfied them; and that he applied for the position but was rejected. *Id.* at 2–5. And, most importantly, Dr. Morgan now alleges that the position he applied for remained open after he was rejected. *Id.* at 5. These allegations meet Dr. Morgan's pleading burden, so permitting him to amend his complaint with these facts would not be futile and he should be given leave to do so.

For these reasons, the Court **GRANTS** Plaintiff Dr. Jeffrey Morgan's Motion to Amend His Original Complaint, [Doc. 28]. Dr. Morgan has leave to amend and shall file his First Amended Complaint within ten days of entry of this order.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent