IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY MORGAN,

    Plaintiff,

v.                                                                                   Civ. No. 21-1139 JHR/GBW

XAVIER BECERRA, *Secretary of the Department of Health and Human Services*,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant's Admissions, Interrogatories and Production (*doc. 73*). Having reviewed the briefing (*docs. 73, 74, 75*), the Court finds that the Motion should be DENIED.

The requests for production and interrogatories to which Plaintiff asks the Court to compel Defendant's response were served on February 8, 2024. *See doc. 70*. At that time, the deadline to complete all discovery was February 23, 2024. *See doc. 60*. Because parties are allowed 30 days to respond to such requests, they "must be served at least thirty days prior to a completion of discovery deadline." *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003). In fact, this Court explicitly ordered that such requests be served 30 days before the discovery deadline. *See doc. 46* at 2 ("Service of interrogatories or requests for production shall be considered timely only if the

responses are due prior to the deadline."). Therefore, Plaintiff's requests for production and interrogatories were untimely.

Consequently, to grant the motion to compel the requests for production and interrogatories, the Court would have to modify the scheduling order. Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiff has not argued, let alone established, the existence of good cause to modify the scheduling order. Given their untimeliness and the lack of good cause for an extension, the Court will deny Plaintiff's motion to compel the requests for production and interrogatories.

Similar logic compels the same result for the requests for admission. A party is allowed 30 days to respond to a request for admission. *See* Fed. R. Civ. P. 36 (a)(3). Thus, a timely request for admission must be served at least 30 days before the discovery deadline. Having failed to do so, the requests for admission that Plaintiff seeks to compel were untimely. Therefore, his motion to compel them will be denied on that basis.

However, because the Court's scheduling order does not explicitly state that requests for admissions will be considered untimely in that circumstance and because there is a split in authority over whether requests for admission are "discovery," the Court will also address the merits of Plaintiff's motion to compel the requests for admission. *See Shroyer v. Vaughn*, 2002 WL 32144316, at *2 n.2 (N.D. Ind. July 10, 2002)

(unpublished).[1]  Plaintiff complains about the nature of Defendant's objections and denials when it responded to his Requests for Admissions.  Pursuant to Rule 36(a)(4), "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Fed. R. Civ. P. 36(a)(4).  Moreover, pursuant to Rule 36(a)(5), the "grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).  From Plaintiff's filings, his particular complaint about any of Defendant's denials or objections is not clear.  Nonetheless, the Court has reviewed them and finds that they comport with the requirements of Rule 36.  *See doc. 74*, Ex. C.  Thus, his motion to compel different responses to them is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Defendant's Admissions, Interrogatories and Production (*doc. 73*) is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] To be clear, this Court hereby adopts the majority view that the structure and purpose of the federal rules dictate that requests for admission are discovery subject to the discovery deadlines.  *See Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001); *see also Figueira v. MWV Mobile Veterinary Clinic, PLLC,* 2015 WL 10963744, at *2 (D.N.H. Sep. 9, 2015) (unpublished).