IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. JEFFREY MORGAN,

    Plaintiff,

v.                                                                                                  No. 1:21-cv-01139-JHR-GBW

XAVIER BECERRA, Secretary,
Department of Health and Human
Services, Indian Health Service,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND MOTION FOR A HEARING

THIS MATTER is before the Court on Plaintiff Dr. Jeffrey Morgan's Objection to Judge's Order Denying Appointment of New Counsel, [Doc. 61] ("Motion to Reconsider"), and Plaintiff's Motion for Hearing, [Doc. 64]. Defendant Xavier Becerra did not file responses to either motion. Having considered the briefing and relevant law, the Court denies the motions.

In July 2023, Plaintiff Dr. Jeffrey Morgan moved for the Court to appoint him a lawyer, invoking 42 U.S.C.§ 2000e-5(f)(1), which gives courts authority to appoint counsel in Title VII discrimination cases. *See* [Doc. 31]. The Court held a hearing and ordered Morgan to produce documents relevant to his claims, then denied Morgan's motion after finding that, on balance, the factors provided in *Castner v. Colorado Springs Cablevision* weighed against appointing Morgan a lawyer. [Docs. 50, 51, 54, 55, 58]; 979 F.2d 1417, 1421 (10th Cir. 1992).[1] Although Morgan made affirmative showings that he could not reasonably afford an attorney and that he made diligent attempts to find an attorney own his own, the Court found that his case was critically

---

[1] Documents 55 and 56 are electronic, text-only entries viewable on the federal judiciary's Case Management/Electronic Case Files (CM/ECF) system for the District of New Mexico. Individuals who cannot access the CM/ECF system can view public case files and docket information on https://pacer.uscourts.gov.

1

weak on its merits and that Morgan was capable of representing himself. *See* [Doc. 58, at 5–10]. Weighing those factors in light of the competing policy interests of fairness to civil rights plaintiffs on the one hand and the frugal use of private attorney resources on the other, the Court determined that public interests were better served by not appointing counsel. *Id.* at 10–11. Morgan now moves the Court to reconsider its decision and requests another hearing on whether to appoint him a lawyer. *See* [Docs. 61, 64].

Morgan makes two arguments for why the Court's decision to deny appointment of counsel should be reversed. First, he argues that the Court misapplied *Castner* by ruling against him even though two of the four *Castner* factors favored appointment. *See* [Doc. 61, at 2]. He points out that "not every factor need[s] to be satisfied for the Court to appoint counsel," and since some factors were decided in his favor, he believes counsel should have been appointed. *See Id.* (citing *Castner*, 979 F.2d at 1420). Second, he argues that the merits and capability factors should have also been weighed in his favor. *See Id.* at 2–13. On the capability factor, Morgan says that he has had difficulty obtaining information from Becerra's Department of Health and Human Services, suggests that getting demographic data from the Department is virtually impossible without a lawyer, and reiterates that he knows little about practicing law. *Id.* at 2–4. On the merits factor, Morgan strenuously contests the Court's characterization of his case. *See Id.* at 4–13. He especially disputes that he did not complete residency and the apparent strength of Becerra's defenses. *Id.* at 4–13. In his Motion for Hearing, Morgan also argues that another hearing should be held so that he can prove his former attorneys engaged in unethical conduct which "sabotaged" his ability to find a new lawyer. *See* [Doc. 64, at 2–4].

Whether to grant either motion is within the Court's discretion. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders" until final judgment is

entered, and the decision to do so is reviewed for abuse of discretion.  *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007); *see also Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F.4th 1222, 1241 (10th Cir. 2023) (holding that the "law of the case" doctrine does not bar district courts from reconsidering earlier rulings before final judgment).  District courts also have discretion to decide whether to hold a hearing on a motion in a civil case and whether to appoint counsel.  *See Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014); D.N.M.LR-Civ. 7.6(a) ("Unless otherwise ordered by the Court . . . all motions will be decided on the briefs without a hearing"); *Castner*, 979 F.2d at 1422–23 ("Ordinarily, a decision whether or not to appoint counsel in a Title VII action will be reviewed only for an abuse of discretion") *Wallin v. Sygma Network*, 850 F. App'x 615, 618 (10th Cir. 2021) (reviewing the denial of a motion to appoint counsel for abuse of discretion).

     Morgan's Motion to Reconsider is denied because he has not shown that the Court's prior decision was incorrect or an abuse of the Court's discretion.  First, his argument on the law of attorney appointments under Title VII is inaccurate.  Although Morgan is correct that counsel can be appointed even if not every *Castner* factor is satisfied, this does not mean counsel must be appointed when only some factors are satisfied.  Title VII states, and the *Castner* court recognized, that whether to appoint counsel is a matter of discretion.  *See* 42 U.S.C. § 2000e-5(f)(1); *Castner*, 979 F.2d at 1420.  Thus, as the Court held in its previous order, whether to appoint counsel is not mandated by a rudimentary "quantitative analysis," but by considering the *Castner* factors in the context of broader policy interests.  *See Castner*, 979 F.2d at 1421; [Doc. 58].  That is precisely what the Court did.

     Nor is the Court persuaded by Morgan's re-argument of the *Castner* factors.  Morgan argues he cannot litigate his case because he has been unable to obtain demographic data, but he

does not explain why demographic data from the Department is necessary to his case and his only motion to compel production was denied for untimeliness. *See* [Docs. 61, 76]. Although an attorney may have handled discovery better, it is not clear that an attorney was necessary for Morgan to explain his rationale and follow deadlines. And Morgan's argument on the merits factor merely reiterates information the Court considered when it denied the motion to appoint counsel. *See* [Doc. 58, at 6–9] (discussing the merits of Morgan's case); [Doc. 61, at 4–12] (asserting the strengths of Morgan's case). Because Morgan presents no new information or arguments, the Court will maintain its prior decision and deny the Motion to Reconsider.

Morgan's Motion for Hearing is denied as well. Morgan requests a hearing so that he can tell the Court about allegedly unethical conduct by his former attorney. *See generally* [Doc. 64]. But the purpose of a hearing is to clarify matters raised in written motions. Morgan does not explain why he cannot present these facts in written pleadings or affidavits, nor does he attach evidence to corroborate his claims about unethical conduct. Further, Morgan does not explain why he did not present this evidence alongside his original motion to appoint counsel. Simply gesturing towards vague "ethical violations" and "bad faith" does not warrant scheduling a hearing. The Motion for Hearing is thus denied.

Based on the discussion above, the Court **DENIES** Plaintiff Dr. Jeffrey Morgan's Objection to Judge's Order Denying Appointment of New Counsel, [Doc. 61], and Plaintiff's Motion for Hearing, [Doc. 64].

**IT IS SO ORDERED.**

     _____
     Hon. Jerry H. Ritter
     United States Magistrate Judge