IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. JEFFREY MORGAN,

    Plaintiff,

v.   No. 1:21-cv-01139-JHR-GBW

XAVIER BECERRA, Secretary,
Department of Health and Human
Services, Indian Health Service,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING FIRST MOTION FOR JUDICIAL NOTICE

THIS MATTER is before the Court on Plaintiff Dr. Jeffrey Morgan's Motion to Judicial Notice, [Doc. 80] ("the Motion"). Defendant Secretary Xavier Becerra timely responded in opposition and Morgan replied, completing briefing. *See* [Docs. 88, 93]. Having considered the briefing and relevant law, the Motion is denied.

Morgan asks the Court to take judicial notice of information attached to his Motion. *See* [Doc. 80]. He describes the information as "several relevant FEDERAL regulatory facts in the case to be taken notice of, alongside, one non-controlling but important factual case[.]" *Id.* at 2. He then lists the titles of several documents, federal government webpages, and a disability rights case, *EEOC v. Cracker Barrel Old Country Store, Inc.*, No. 8:18-cv-02674-PX, 2020 WL 247305 (D. Md. Jan. 16, 2020). *Id.* at 2–4. The rest of the Motion consists of the documents, webpages, and case listed. [Doc. 80, at 6–25]. The Motion does not explain further what specific facts Morgan seeks to be judicially noticed. *See id.* at 1–4.

Federal Rule of Evidence 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute[.]" Fed. R. Evid. 201(b). In civil cases, judicially noticed facts must be

1

deemed conclusive by the jury.  Fed. R. Evid. 201(f).  Judicial notice is thus a shortcut by which evidence evades rebuttal, cross-examination, and argument from an opposing party and should be used with caution.  *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002); *Brown v. Piper*, 91 U.S. 37, 42–43 (1875).  For that reason, when a litigant asks the court to take judicial notice, it is important that it be precisely clear what information will be deemed conclusively true.  And, as with all evidence, the party offering it bears the burden to show it is admissible.  *See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1149 (10th Cir. 2009).

      Morgan's Motion is denied because it does not state discrete facts to be judicially noticed.  The webpages, documents, and court case Morgan attaches to the Motion constitute 19 pages of text from various sources.  *See* [Doc. 80, at 6–25].  However, it does not state what facts ought to be gleaned, stating only that Morgan "presents several relevant FEDERAL regulatory facts" and "one non-controlling but important factual case." *Id.* at 2.  The reply in support does not clarify what discrete facts Morgan believes ought to be judicially noticed either, other than the existence of the case, webpages, and documents.  *See* [Doc. 93, at 3–11].  Without clarity on what facts Morgan wishes to be judicially noticed, the Court declines to grant the Motion.

      The Court notes that this order is not a ruling on the admissibility of the documents and information presented in the Motion, nor on the persuasiveness of the case Morgan cites.  Those issues remain open for future proceedings should they occur.  The Court simply declines to use the shortcut of judicial notice to deem all information attached to the Motion conclusively true.

      Based on the discussion above, the Court **DENIES** Plaintiff Dr. Jeffrey Morgan's Motion to Judicial Notice, [Doc. 80].

**IT IS SO ORDERED.**

                                                                                                  Hon. Jerry H. Ritter
United States Magistrate Judge