## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DR. JEFFREY MORGAN,

      Plaintiff,

v.                                                           No. 1:21-cv-01139-JHR-GBW

XAVIER BECERRA, Secretary,
Department of Health and Human
Services, Indian Health Service,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING SECOND MOTION FOR JUDICIAL NOTICE

THIS MATTER is before the Court on Plaintiff Dr. Jeffrey Morgan's Motion for Judicial

Notice, [Doc. 97] ("the Motion").  Defendant Secretary Xavier Becerra timely responded in

opposition and Morgan's deadline to reply has passed, so the matter is ripe for decision.  *See*

[Doc. 98]; D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14)

calendar days after service of the response").  Having considered the briefing and relevant law,

the Motion is denied.

Morgan asks the Court to take judicial notice of 11 listed points which he proffers as

indisputable facts.  *See* [Doc. 97, at 2–5].  Points 1–6 contain restatements of federal and state-

level rules of civil procedure.  *Id.* at 2–4.  Point 9 states that "[t]here are pending motions by the

Plaintiff before the Court that relate to the Plaintiff's claims in these proceedings."  *Id.* at 4.

Point 11 is an argument against Becerra's Motion for Summary Judgment, [Doc. 79].  *See id.*

at 4–5.  The remainder of Morgan's points are arguments against recent extensions to pretrial

deadlines.  *See id.* at 2–4.  For example, Morgan's seventh point is that "Becerra has a habit of

persuading the Court to grant extension[s] beginning at the time of the scheduling conference through procedures today." *Id.* at 4.

Federal Rule of Evidence 201 allows courts to "judicially notice a fact that is not subject to reasonable dispute[.]" Fed. R. Evid. 201(b). The rule applies only to "adjudicative" facts. Fed. R. Evid. 201(a). In civil cases, judicially noticed facts must be deemed conclusive by the jury. Fed. R. Evid. 201(f). Judicial notice is thus a shortcut by which evidence evades rebuttal, cross-examination, and argument from an opposing party and should be used with caution. *United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002); *Brown v. Piper*, 91 U.S. 37, 42–43 (1875). And, as with all evidence, the party offering a fact has the burden to show it is admissible. *See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1149 (10th Cir. 2009).

The Motion will be denied because the proffered facts do not qualify for judicial notice. The Court addresses Morgan's points in four categories – procedural rules, deadline arguments, arguments against summary judgment, and the existence of pending motions.

Procedural Rules: Morgan restates Federal Rules of Civil Procedure 1, 16(b)(4), 26(d)(2), 26(f), 34, and 37(e), as well as a rule of civil procedure applied in New Mexico state court. [Doc. 97, at 2–3]. The Federal Rules of Civil Procedure apply to proceedings before the Court regardless, so judicial notice of their existence would be redundant. Procedural rules for state courts do not bind federal courts, so they have no effect on this case, judicially noticed or not. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Judicial notice is thus denied for these statements.

Deadline Arguments: Morgan's points for judicial notice include *post-hoc* arguments against granting Becerra extensions on pretrial deadlines, generally asserting that Becerra lacked

"good cause" for the extensions. *See* [Doc. 97, at 2–4]. For a fact to be judicially noticed, it must "not [be] subject to reasonable dispute[.]" Fed. R. Evid. 201(b). Morgan's characterizations about extensions and good cause do not meet this standard. Becerra gave reasons for seeking extensions on deadlines in his Motion for Extension of Time and the Court granted it. *See* [Docs. 57, 60]. Becerra's stated reasons for seeking extensions were not so threadbare as to eliminate all reasonable dispute about the existence of good cause. And, insofar as Morgan is attempting to use judicial notice to oppose the original Motion for Extension of Time or object to the Court's order granting the extension, the objections are untimely. *See* D.N.M.LR-Civ. 7.4, 72.1. These points will not be judicially noticed.

Summary Judgment Arguments: Morgan also proffers that "Becerra's motion for summary judgment completely ignores . . . the salient reality of the direct behavioral conduct as well as the questionable indirect vs. direct application hiring process procedural misconduct the Plaintiff was subjected to as an irrevocable feature of the genuine discrimination dispute that exists between Morgan and Becerra which is for a jury to decide." [Doc. 97, at 4–5]. The assertions made here are not facts beyond "reasonable dispute" either. In fact, Morgan reiterates the issues at the heart of both parties' briefs on Becerra's Motion for Summary Judgment, i.e., whether Morgan's application process was made unusually difficult because of his race and sex and whether he raises fact issues that must go to a jury. *See* [Docs. 79, 81]. Because there is, at minimum, a "reasonable dispute" over the truth of Morgan's statements, they will not be judicially noticed.

Pending Motions: Finally, Morgan proffers that "[t]here are pending motions by the Plaintiff before the Court that relate to the Plaintiff's claims in these proceedings." [Doc. 97, at 4]. This statement was true the day Morgan filed his Motion. However, judicial notice under

3

Rule 201 may be taken "of an adjudicative fact only[.]" Fed. R. Evid. 201(a).  Adjudicative facts "are those to which the law is applied in the process of adjudication.  They are the facts that normally go to the jury in a jury case.  They relate to the parties, their activities, their properties, their businesses."  Fed. R. Evid. 201, advisory committee n. (a) (quoting Kenneth Culp Davis, 2 Administrative Law Treatise 353 (1958)) (internal quotation marks omitted).  Whether Morgan has pending motions before the Court has nothing to do with the substance of his case – that is, whether Becerra unlawfully discriminated against him – so it is not an adjudicative fact.  The fact of Morgan's pending motions thus will not be judicially noticed.

Based on the discussion above, the Court **DENIES** Plaintiff Dr. Jeffrey Morgan's Motion for Judicial Notice, [Doc. 97].

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge